# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY B. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-4054 |
| | ) | |
| MOLINE PUBLIC LIBRARY and BOARD | ) | |
| OF TRUSTEES, LESLIE KEE, and THE | ) | |
| CITY OF MOLINE, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

This matter is now before the Court on Defendants' Motion to Dismiss. For the reasons set forth below, the Motion [#11] is GRANTED IN PART and DENIED IN PART.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 2000e.

## BACKGROUND[1]

Plaintiff, Mary Clark ("Clark"), was employed by Defendant City of Moline and Moline Public Library (the "Library") for more than24 years. At the time of her termination on December 31, 2008, she held the position of Operations Manager. Defendant Leslie Kee ("Kee") is the director of the Library and had been Clark's supervisor for several years. In July 2008, Clark filed a formal complaint with the Library's Board of Trustees (the "Board") complaining of inappropriate actions by Kee creating a hostile work environment based on

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

sexual, racial, and national origin stereotypes.  Following an investigation into the complaint, Kee was reportedly reprimanded in September 2008.  In October 2008, Kee recommended to the Board that Clark's position be eliminated, and her recommendation was accepted.

On July 27, 2009, Clark brought this action alleging that she was wrongfully terminated in retaliation for reporting and complaining about Kee's conduct.  Defendants have now moved to dismiss the Complaint.  Clark has filed her response, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.  *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett

& Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

    I.     Section 1983 Claim

Defendants first argue that Clark cannot maintain a § 1983 claim against the City, Library, or the Board, as there is no respondeat superior liability against a local governmental unit under that statute.  Clark agrees and clarifies that her § 1983 claim is brought only against Kee in her individual capacity.  Thus, to the extent that the Complaint appears to assert this claim against the City, Library, or Board, such claim is dismissed.

Kee then contends that the § 1983 claim against her must fail for failure to allege that Clark was deprived of any right secured by the Constitution or federal law.  Section 1983 imposes liability where a defendant acts under color of a state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To establish a cause of action under § 1983, the plaintiff must allege (1) that the defendant has deprived him of a federal right, and (2) that the defendant acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). In reviewing the complaint on a motion to dismiss, the plaintiff is only required to set forth these elements in a short plain statement showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2); Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

While Clark's Complaint is not a model of clarity, it does clearly place Kee on notice that the claim against her is based on her alleged violation of federal law, namely conduct that could also constitute a violation Title VII.  In her response, Clark further clarifies that her claim against Kee is also based on a purported violation of the Equal Protection and

Due Process Clauses, both of which prohibit gender based discrimination and retaliation for expressing opposition to discrimination.

Kee further responds that even with these clarifications, Clark's claim is deficient. The Court disagrees with respect to her claim for retaliation for opposing discrimination and finds that Clark has adequately pled a violation of her right to be free from retaliatory termination to survive a Motion to Dismiss. That being said, as the Complaint is devoid of reference to either the Due Process Clause or Equal Protection Clause, Clark is directed to file an Amended Complaint including these bases for her § 1983 claim.

In her response, Clark also references claims for sex and age discrimination. With respect to any separate claim for sex discrimination under Title VII or age discrimination under the ADEA, the Court agrees that no such claims have been adequately pled in the Complaint. In fact, age discrimination is not even included in her charge of discrimination to the Illinois Department of Human Rights, which is a prerequisite to bringing such a claim in federal court. As sexual discrimination via the creation of a hostile work environment is at least briefly mentioned in the Complaint, although not clearly indicated as a separate claim, Clark will be granted the opportunity to specifically assert a separate claim for sex discrimination if she has a good faith basis for believing that such a claim is substantively viable under the law and adequately encompassed within the scope of her IDHR charge.[2]

---

[2] The Court notes that the IRHR charge appears to sound solely in the context of discrimination in the form of retaliation. The relevant text of her charge is, " Employment discrimination for having formally complained of illegal discriminatory acts regarding sexual harassment, race, gender and ethnic derogatory comments. After complaining of said acts, I was retaliated against in my employment, as Moline Public Library' s operations manager, which culminated in my discharge of employment in violation of employment discrimination laws." (Emphasis added) Clark is urged to review relevant case law in the Seventh Circuit on this issue prior to refiling.

However, leave to replead does not include permission to assert a claim based on age discrimination, as it would be an exercise in futility based on her complete failure to raise it in her charge of discrimination.

  II.  <u>IHRA and Title VII Claims</u>

  Defendants next argue that Clark cannot maintain a claim for civil rights violations based on the IHRA in this Court because she currently has a charge of discrimination and retaliation pending before the Illinois Human Rights Commission ("IHRC") based on the same operative facts.  Clark does not respond directly to  this argument, instead stating that the IHRA does allow jury trials.

  The IHRC has exclusive jurisdiction over civil rights actions brought pursuant to the IHRA.  <u>Manley v. City of Chicago</u>, 236 F.3d 392, 397 (7th Cir. 2001); 775 ILCS 5/8-111(c).  As a result, a claimant traditionally could not file a suit in any court involving the same subject matter without exhausting her state remedies.  <u>Tally v. Washington Inventory Serv.</u>, 37 F.3d 310, 312-13 (7th Cir. 1994).  Judicial review of any IHRA claim was therefore only available after administrative remedies have been exhausted and the IHRC has issued a final order on her charge.  <u>Id.</u>, at 313; <u>Flaherty v. Gas Research Inst.</u>, 31 F.3d 451, 458 (7th Cir. 1994); <u>Glebocki v. City of Chicago</u>, 32 Fed.Appx. 149 (7th Cir. 2002).

  Importantly, all of this case law predates a change in the statute.  Since January 1, 2008, the IHRA now allows a plaintiff to file a complaint alleging violations of the IHRA directly in state circuit court for charges filed after that date.  775 ILCS 5/8-111(A); <u>Alexander v. Northeastern Illinois University</u>, 586 F.Supp.2d 905, 910 (N.D.Ill. 2008).  As a result, her IHRA claim would appear to be amenable to the exercise of supplemental jurisdiction.  In so holding, the Court notes that unless Clark is able to file an amended

complaint in compliance with the above discussed criteria, her IHRA claim will be limited to retaliation for opposing what she perceived to be unlawful workplace discrimination.

Defendants further argue that Clark cannot proceed with a claim under Title VII because she has not yet filed a timely charge of discrimination with the EEOC. Clark responds only that her IDHR charge accurately summarizes her case.

It is well-established that there are prerequisites to bringing a Title VII claim. A plaintiff must file a timely charge of discrimination with the EEOC setting forth the alleged discriminatory conduct, and the EEOC must then issue a right to sue letter. Connor v. Illinois Department of Natural Resources, 413 F.3d 675, 680 (7th Cir. 2005), *citing* Hentosh v. Herman M. Finch Univ. Of Health Sciences/The Chicago Medical School, 167 F.3d 1170. 1173 (7th Cir. 1999). While the Court recognizes that Illinois has entered into a work share agreement with the EEOC and that charges filed with the IDHR are normally cross-filed with the EEOC as a matter of course, Clark has failed to allege that she has subsequently received a right to sue letter from the EEOC. Without a right to sue letter, she may not maintain her Title VII claim in this Court. Accordingly, the Motion to Dismiss is granted in this respect, and Clark is given leave to amend her complaint to sufficiently allege that she has complied with the prerequisites for bringing a Title VII claim in federal court if she can do so in good faith.

III.   Illinois Whistleblower Act

Defendants move to dismiss Count III of the Complaint for failure to state a claim under the Illinois Whistleblower Act ("IWA"), which makes it unlawful for an employer to "retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the

information discloses a violation of a State or federal law, rule, or regulation."  740 ILCS 174/15.  In support of this request, Defendants cite Riedlinger v. Hudson Respiratory Care, Inc., 478 F.Supp.2d 1051, 1054 (N.D.Ill. 2007), for the proposition that there is no cause of action where an employee reveals the information only to his or her employer.  *See also,* Smith v. Madison Mutual Ins. Co.,, 2005 WL 1460301, at *1 (S.D.Ill. June 21, 2005); Jones v. Dew, 2006 WL 3718053, at *4 (N.D.Ill. Dec. 13, 2006).   This requirement is also supported by the legislative history of the IWA, which includes the legislative intent that the statute apply where an employee takes concerns about work place violations to the authorities or a law enforcement agency.  Riedlinger, 478 F.Supp.2d at 1055.

Clark responds that she reported the alleged discrimination first to the Board and then to the City's Human Resources Department and that, "[b]oth are obviously government agencies."  However, since January 1, 2008, the IWA specifically defines "employer" to include "a political subdivision of the State; a unit of local government . . . [and] any authority including a department, division, bureau, board, commission, or other agency of these entities."  740 ILCS 174/5.  As such, by reporting the alleged misconduct only to the Board and the City's Human Resources Department, Clark has clearly done nothing more than report the alleged misconduct to her employer.  As a result, her IWA claim must be dismissed.

Although Clark seeks leave to replead this Count as a common law claim for retaliatory discharge, the Court finds that such an effort would be futile.  The Illinois Supreme Court has held that the IHRA was intended "to be the exclusive source of redress for alleged human rights violations."  Mein v. Masonite Corp., 109 Ill.2d 1, 485 N.E.2d 312, 315 (1985).  Where claims are "inextricably linked" to an alleged civil rights violation, such

claims are preempted by the IHRA.  Geise v. Phoenix Co. Of Chicago, Inc., 159 Ill.2d 507, 639 N.E.2d 1273, 1277(1994).  As the IHRA specifically prohibits retaliation against an employee "because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful . . . sexual harassment in employment," courts considering this issue have concluded that the tort of retaliatory discharge is preempted by the IHRA. Alexander, 586 F.Supp.2d at 915, *citing* Bell v. LaSalle Bank, N.A., 2005 WL 43178, at *3 (N.D.Ill. Jan. 10, 2005);  775 ILCS 5/6-101.  Although these cases were specifically addressing retaliation claims under the IWA,  the same analysis would apply to common law retaliation claims, and the Court finds no reason why the same result should not necessarily follow.

IV.     Library and Board of Trustees

Finally, Defendants argue that the Library and Board are not suable entities because they have no separate legal existence form the City, and any claim against them is really a claim against the City.  Furthermore, under the Moline Code of Ordinances, the Library and its Board are designated as a department and agency within the City respectively. Moline Code of Ordinances, Ch. 16, Art. I, Sec. 16-1100 and Ch. 2, Art. IV, Sec. 2-4100(a)(5).

Clark argues that the Library's Board has the power to hire and fire the librarian and her assistants.  However, this again misses the point, as there is no evidence establishing that either the Library or its Board have any separate legal existence from the City.  In fact, the Moline Code of Ordinances appears to establish just the opposite.  The City is the proper defendant in this case, and the Library and its Board are hereby dismissed.  *See* Miller v. Chicago Public Library, 2006 WL 1006002, at *8-9 (N.D.Ill. Apr. 11, 2006) (holding

that under the Chicago municipal Code, the Chicago Public Library is a branch of the City and is therefore not a proper defendant); Simmons v. Chicago Public Library, 860 F.Supp. 490, 492 (N.D.Ill. 1994).  The Library and its Board are hereby dismissed as defendants in this case.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [#11] is GRANTED IN PART and DENIED IN PART.  The Library and Board are TERMINATED as Defendants in this matter.  Where she has been granted leave to do so, Clark shall file an amended complaint curing the identified deficiencies if she is able to do so in good faith within 14 days from the date of this Order.

ENTERED this 26th day of January, 2010.


s/  Michael M. Mihm
Michael M. Mihm
United States District Judge